Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## New Jersey

IN RE: Kameil Persaud

Case No.: 17-17953

Judge: _____

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original  
☐ Motions Included  
☑ Modified/Notice Required  
☐ Modified/No Notice Required  

Date: 9/13/17

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.**

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  DB        Initial Debtor:  K P        Initial Co-Debtor _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay **$500.00 Monthly** to the Chapter 13 Trustee, starting on **May 2017** for approximately 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

1

☑ Future Earnings
☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     ☒ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Trustee | administrative expenses | est. $ 3,000.00 |
| Goldman & Beslow, LLC | attorney fees/costs | est. $ 2,000.00 |
| State of New Jersey | taxes | unknown |
| Internal Revenue Service | taxes | unknown |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

### e. Surrender ☐ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| SLS | 1st mortgage-776 Grand Street, Jersey City, NJ | unknown | surrender in full satisfaction of debt |
| SLS | 2nd mortgage - 776 Grand Street, Jersey City, NJ | unknown | surrender in full satisfaction of debt |

### f. Secured Claims Unaffected by the Plan ☑ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|

### g. Secured Claims to be Paid in Full Through the Plan ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## Part 5: Unsecured Claims    X NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☐  Not less than ___ percent

☑  *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be**

filed with the Clerk of Court when the plan and transmittal notice are served.

### a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

### a. Vesting of Property of the Estate
☑ Upon Confirmation
☐ Upon Discharge

### b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims-including attorney fees
3) Priority Claims
4) Secured Claims
5) Lease Arrears
6) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| Part 9: Modification ☒ NONE |   |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: ____. ||
| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
| to add 2nd mortgage to surrender | surrendering second mortgage |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | 9/13/17 | /s/ David Beslow, Esq. |
|---|---|---|
| | | David Beslow, Esq. 5300 |
| | | Attorney for the Debtor |
| Date: | 9/13/17 | /s/ Kameil Persaud |
| | | Kameil Persaud |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

**Signatures**

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

| Date | 9/13/17 | /s/ David Beslow, Esq. |
|---|---|---|
| | | David Beslow, Esq. 5300 |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | 9/13/17 | /s/ Kameil Persaud |
|---|---|---|
| | | Kameil Persaud |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

```
                             United States Bankruptcy Court
                                 District of New Jersey
In re:                                                                  Case No. 17-17953-RG
Kameil Persaud                                                          Chapter 13
         Debtor
                                   CERTIFICATE OF NOTICE
District/off: 0312-2           User: admin                  Page 1 of 2                  Date Rcvd: Sep 25, 2017
                               Form ID: pdf901              Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 27, 2017.
db             +Kameil Persaud,    259 Pearsall Avenue,    Jersey City, NJ 07305-1811
516776249      +Chase Manhatton Mortgage,    3415 Vision Dr,    Columbus, OH 43219-6009
516776250      +Chase Manhatton Mortgage,    P.o. Box 24696,    Columbus, OH 43224-0696
516776252       Citi,    Credit Bureau Disp,    Sioux Falls, SD 57117
516776251      +Citi,    CitiorpCredit Services/Centralized Bankr,    Po Box 790040,    Saint Louis, MO 63179-0040
516846664      +Deutsche Bank National Trust Co., Trustee(See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
516776253      +Deutsche Bank National Trust Company,    300 South Grand Avenue,    41st Floor,
                 Los Angeles, CA 90071-3151
516776255      +Dsnb Macys,    Po Box 8218,    Mason, OH 45040-8218
516776254      +Dsnb Macys,    Macys Bankruptcy Department,    Po Box 8053,    Mason, OH 45040-8053
516776256       Equifax,    P.O. Box 740241,    Atlanta, GA 30374-0241
516776257      +Equifax Credit Info. Services,Inc.,    P.O. Box 740241,    Atlanta, GA 30374-0241
516776258      +Experian,    P.O. Box 2002,    Allen, TX 75013-2002
516776259      +Experian,    P.O. Box 4500,    Allen, TX 75013-1311
516776260      +First National Collect,    610 Waltham Way,    Sparks, NV 89434-6695
517002274      +JPMorgan Chase Bank, National Association,    c/o Chase Records Center,
                 Attn: Correspondence Mail,    Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
516776262      +Phelan Hallinan, Diamond & Jones,    Suite 100,    400 Fellowship Road,
                 Mount Laurel, NJ 08054-3437
516776263      +Rushmore Loan Mgmt Ser,    15480 Laguna Canyon Rd S,    Irvine, CA 92618-2132
516776264      +SLS,    8742 Lucent Blvd., Ste. 300,    Littleton, CO 80129-2386
516776266      +State of New Jersey,    Division of Taxation,    50 Barrack Street,    P.O. Box 269,
                 Trenton, NJ 08602-0269
516776267      +TransUnion Consumer Solutions,    P.O. Box 2000,    Crum Lynne, PA 19022-2000
516776268      +TransUnion LLC,    2 Baldwin Place,    PO Box 1000,    Chester, PA 19022-1023
516776269      +Washington Mutual Mortgage/ Chase,    Attn: OH4-7126,    3415 Vision Dr.,
                 Columbus, OH 43219-6009
516776270      +Washington Mutual Mortgage/ Chase,    Po Box 24696,    Columbus, OH 43224-0696

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 25 2017 23:19:49     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 25 2017 23:19:46     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Sep 25 2017 23:16:52
                 Synchrony Bank, c/o PRA Recievables Management, LL,    POB 41021,    Norfolk, VA 23541-1021
516776261       E-mail/Text: cio.bncmail@irs.gov Sep 25 2017 23:19:23     Internal Revenue Service,
                 P.O. Box 21126,    Philadelphia, PA 19114-0326
517028986       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 25 2017 23:34:54
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
516778344      +E-mail/PDF: gecsedi@recoverycorp.com Sep 25 2017 23:16:14     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 6

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516912909*     +Deutsche Bank National Trust Co., Trustee(See 410),    C/O Specialized Loan Servicing, LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
516776265*     +SLS,    8742 Lucent Blvd., Ste. 300,    Littleton, CO 80129-2386
                                                                                      TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 27, 2017                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-2           User: admin                  Page 2 of 2                   Date Rcvd: Sep 25, 2017
                               Form ID: pdf901              Total Noticed: 29
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 21, 2017 at the address(es) listed below:

```
              Clifford B. Frish    on behalf of Debtor Kameil  Persaud yrodriguez@goldmanlaw.org,
               cfrish@goldmanlaw.org;yrodriguez.knight29@gmail.com;ecf-control@goldman-beslow.com;r64764@notify.
               bestcase.com
              David G. Beslow    on behalf of Debtor Kameil  Persaud yrodriguez@goldmanlaw.org,
               yrodriguez.knight29@gmail.com;ecf-control@goldman-beslow.com;r64764@notify.bestcase.com
              Marie-Ann  Greenberg     magecf@magtrustee.com
              U.S. Trustee.    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                   TOTAL: 4
```